```
 1            IN THE UNITED STATES DISTRICT COURT

 2           FOR THE SOUTHERN DISTRICT OF TEXAS

 3                      HOUSTON DIVISION

 4  UNITED STATES OF AMERICA      §     CASE NOS. 4:16-CR-00408-3
                                  §               4:16-CR-00408-4
 5  VERSUS                        §     HOUSTON, TEXAS
                                  §     THURSDAY,
 6  ROBERT DOUGLAS AUSTIN (3)     §     MAY 4, 2017
    CAROLYN PRICE AUSTIN (4)      §     2:36 P.M. TO 3:00 P.M.
 7
                        INITIAL APPEARANCES,
 8                   ARRAIGNMENT HEARING, AND
                          BAIL HEARING
 9
              BEFORE THE HONORABLE FRANCES H. STACY
10                UNITED STATES MAGISTRATE JUDGE

11                        APPEARANCES:

12  FOR THE PLAINTIFF:            JUSTIN MARTIN, ESQ.
                                  US ATTORNEY'S OFFICE
13                                1000 LOUISIANA STREET
                                  SUITE 2300
14                                HOUSTON, TX  77002
                                  713-567-9000
15
    FOR THE DEFENDANTS:           CARY M. FELDMAN, ESQ.
16                                FELDESMAN TUCKER
                                  2001 L ST. NW, 2ND FL.
17                                WASHINGTON, DC  20036-4910
                                  202-466-8960
18
    ELECTRONIC RECORDING OFFICER: MONICA BALBOA
19  COURT CLERK:                  BEVERLY WHITE
    US PRETRIAL SERVICES:         SERGIO GARZA
20
                    TRANSCRIPTION SERVICE BY:
21
              JUDICIAL TRANSCRIBERS OF TEXAS, LLC
22                 935 ELDRIDGE ROAD, #144
                    SUGAR LAND, TEXAS 77478
23          Tel: 281-277-5325 / Fax: 281-277-0946
                  www.judicialtranscribers.com
24
        Proceedings recorded by electronic sound recording;
25          transcript produced by transcription service.
```

1        HOUSTON, TEXAS; THURSDAY, MAY 4, 2017; 2:36 P.M.

2            THE COURT:  The next case is US versus Eddie

3    Douglas Austin and Carolyn Price Austin.

4            MR. FELDMAN:  Hi.

5            THE COURT:  You represent the Austins?

6            MR. FELDMAN:  Good afternoon, Your Honor.  My name

7    is Cary Feldman.  I'm a member of the Bar in Washington, DC,

8    and now I'm -- but I can't remember if I was admitted or I

9    did *pro hac* when I had a case before Judge Lake, and

10   recently I've been involved in the SEC Enforcement Action

11   that predicated this case before Judge Ellison.

12           So now I'm on the ECF, but because I've been

13   representing the Austins for a number of years, including

14   Ms. Austin in the SEC Enforcement Action, just for

15   convenience and coordination -- continuity, I guess I would

16   say, I was hoping to represent both of them just for

17   purposes of Arraignment and then we'll sort things out from

18   there.

19           In fact, I'm going to meet with Mr. Martin right

20   after we get done and start talking about that.

21           THE COURT:  Okay.  So I think that would be okay

22   for the, you know, initial proceedings to have the same

23   lawyer, but it's really important that you have separate

24   lawyers and you have an attorney who is only loyal to you.

25           So if you were to, like, persist in being

1  represented by Mr. Feldman through trial together, you would

2  be required to sign a written waiver of independent Counsel.

3         And this little form that you've signed, the

4  wavier form, it explains in a very abbreviated manner how

5  every person accused of a crime has the right to effective

6  assistance of Counsel and when one lawyer represents two or

7  more people in a conspiracy case, this makes it very

8  difficult to be fair, all the fairness that you're entitled

9  to have from your lawyer.

10         A conflict of interest denies you the right to

11  effective assistance of Counsel.  The conflicts are a

12  potential problem because different Defendants may have

13  different degrees of involvement and every person has a

14  right to a lawyer who is only loyal to him or to her only.

15         Here are some examples of what kind of dangers you

16  can face if you have the same lawyer, even if you don't want

17  to have problems, you can have problems.  The Government may

18  offer or recommend a lesser sentence to one Defendant.  The

19  lawyer ought to advise him whether or not he should accept

20  the offer, but if the lawyer advises him to accept the

21  offer, it may harm the other Defendant, who is also his

22  client.

23         The Government might let a person who is not as

24  involved as another to plead guilty to lesser charges, but

25  expect them to testify.  The lawyer has a hard time advising

4

1  that person to accept this offer if it might hurt his other

2  client, and so on.  Perhaps one of the Defendants will take

3  the witness stand to testify on his own behalf.

4          If that happens, the lawyer who represents two

5  Defendants cannot effectively cross-examine that person, and

6  so on and so on.

7          It's -- you may --

8          MR. FELDMAN:  Your Honor?

9          THE COURT:  -- yes.

10          MR. FELDMAN:  I was going to say I -- your Case

11  Manager gave me copies and --

12          THE COURT:  They read it?

13          MR. FELDMAN:  -- and I started to fill it out and

14  I put it --

15          THE COURT:  You don't have to --

16          MR. FELDMAN:  -- Arraignment only.

17          THE COURT:  You don't have to sign it now.  I'm

18  just advising you that I'm going to have a Counsel

19  Determination that you'll be required to attend where we

20  finalize who your lawyers are.  I can't pass this case along

21  to Judge Gilmore without having that straightened out.

22  That's my job.  She won't like it if it's not straightened

23  out before it gets there, okay?

24          But this is your Initial Appearance and these are

25  some of the things you're going to want to be talking to

1  your lawyer about.

2        Also, I want to make sure that you understand that

3  you have the right to remain silent, and you're not required

4  to make any statement.  You're never required to be a

5  witness.  You're not required to answer questions from law

6  enforcement officials.

7        Your lawyer -- your own lawyer is the only person

8  that you should talk to about this case.  You shouldn't

9  discuss the case even with each other or with Co-Defendants

10  or anyone who might be a witness or a victim in this case.

11        If you can't afford a separate lawyer, you can

12  request a court-appointed Counsel free of charge.  Also,

13  you're both entitled to an appellate lawyer if you are

14  convicted and even if you can't hire one, a separate lawyer

15  from your trial lawyer.

16        This case was unsealed.

17        MR. MARTIN:  Yes.

18        THE COURT:  And it was filed on April 26, 2017.

19  We'll give you each a copy of the Indictment -- Superseding

20  Indictment.

21        And Ms. Austin is accused in Count 1 and Count 9

22  through 17.

23        And Mr. Austin is accused also in Count 1 and

24  Count 9 through 17.

25        Count 1 alleges that you entered into an agreement

1    or a conspiracy, along with Andrew Ian Farmer, Eddie Douglas

2    Austin -- that's you -- Carolyn Price Austin -- that's you

3    -- John David Brotherton, Scott Russell Sieck, and Charles

4    Earl Grob.

5            And this scheme lasted between May 2011 till

6    December 2012.  It was an unlawful scheme to fraudulently

7    manipulate the market price and demand for the stock of

8    Chimera Energy Corporation and to defraud the public into

9    buying the stock of Chimera in order that you and your

10   associates could profit from the sale of substantial

11   quantities of Chimera stock that you controlled at

12   fraudulently inflated prices.

13           I'm not going to read the whole Indictment, but I

14   will ask you to read the whole Indictment and discuss it

15   with your attorneys.

16           There is a lot of information on the first --

17           MR. FELDMAN:  Your Honor, they've seen the

18   Indictment.

19           THE COURT:  They have.

20           MR. FELDMAN:  We were able to get it from

21   Mr. Martin in advance of the Arraignment.

22           THE COURT:  Okay, good.  That's good.

23           Then you're accused in Counts 9 through 17 and

24   it's in the form of a chart, starting on page 18, and these

25   are separate individual instances of wire fraud that you're

1    alleged to have committed between May 2011 till December
2    2012 in the Southern District of Texas and elsewhere, it's
3    alleged that each of you entered into a conspiracy to commit
4    wire fraud with this scheme to defraud, to obtain money by
5    means of false pretenses, and cause to be transmitted in
6    interstate commerce by means of wire, writings, and signals
7    for the purpose of executing the scheme.
8         So in the chart you can see the count number, the
9    date of the offense, the initials of the people, the
10   Defendants who are being accused, and in the right-hand
11   column it describes the wire communication that was
12   allegedly wire fraud.  And that goes on for Counts 9, 10,
13   11, 12, 13, 14, 15, 16, and 17.  Each of these is alleged to
14   be a wire -- a separate and distinct violation of 18 United
15   States Code Section 1343.
16        After that, the Government puts you on notice that
17   it intends to take away any ownership interest you may have
18   in certain property that the Government can show was used in
19   the commission of the offense or was proceeds of the offense
20   in up to the amount of -- not limited to, but approximately
21   $6,841,923.01.
22        And the Government intends to get a money judgment
23   against you for that amount and any property that the
24   Government can show was purchased with the proceeds, or
25   transferred -- placed beyond the jurisdiction of the Court,

1    cannot be divided without difficulty, et cetera.

2              Also, there is statutory range of punishment for

3    Count 1 and Count 9 through 17?

4              MR. MARTIN:  Yes, Your Honor, all -- both Count 1

5    and Counts 9 through 17, all have the same statutory

6    punishment and that is up to 20 years' imprisonment, up to

7    $250,000 fine, up to three years of supervised release, and

8    a $100 special assessment.

9              THE COURT:  Okay. Does the Government move to

10   detain Mr. and Ms. Austin?

11             MR. MARTIN:  No, Your Honor.  The Government has

12   no objections and it agrees to the conditions that are set

13   forth in the Pretrial Services Report --

14             THE COURT:  Okay.

15             MR. MARTIN:  -- for each Defendant.

16             THE COURT:  Do you want to enter a not guilty plea

17   to those counts?

18             MR. FELDMAN:  Yes, Your Honor.  We'll waive any

19   further reading, although you did a pretty thorough reading,

20   for whatever it is, 20-30 pages, and enter not guilty pleas

21   on behalf of both Defendants to all counts in which they are

22   charged.

23             THE COURT:  All right.  Is that your plea,

24   Mr. Austin, to Count 1 and 9 through 17?

25             DEFENDANT EDDIE AUSTIN:  Yes, it is.

1       THE COURT:  Is that your plea, Ms. Austin, to

2  Count 1 and 9 through 17?

3       DEFENDANT CAROLYN AUSTIN:  Yes, Your Honor.

4       THE COURT:  You're both pleading not guilty.  That

5  not guilty plea is made a part of the Record in this case

6  and your case is set for trial before Judge Gilmore.

7       Since you're on bail, you want to make sure you

8  make all your court appearances.  Right now you have court

9  appearances in front of Judge Gilmore scheduled for June 26

10 at 9:30.  That's a Pretrial Conference.

11      And July 10th at 1:30.  That is jury selection and

12 trial.  That will continue day-to-day and requires your

13 appearance day-to-day until the trial is finished.

14      How many days does the Government estimate it will

15 take to try this case?

16      MR. MARTIN:  Eight days.

17      THE COURT:  Do your clients wish to waive the

18 right to a speedy trial at this time?

19      MR. FELDMAN:  Yeah, that would be fine, Your

20 Honor.

21      THE COURT:  Okay.  We'll ask you to --

22      MR. FELDMAN:  Given the case and the Docket.

23      THE COURT:  We'll have you sign waiver forms.

24      And the parties will receive a copy of this

25 schedule, including a May 24th motion deadline, June the 5th

1    response deadline, June 23rd filing deadline for proposed

2    voir dire and jury charge.  Pretrial Conference, June 26 at

3    9:30.  Jury selection and trial, July 10th at 1:30.

4              Please sign the schedule.  You'll be given a copy

5    for your records.

6         (Pause in the proceedings.)

7              THE COURT:  Okay.  You live together, right?

8              DEFENDANT EDDIE AUSTIN:  Yes, Your Honor.

9              THE COURT:  At the XXXXX address, which you have

10   lived at since 2013.  Is there any reason to change your

11   address while you're handling this case?  Do you need to

12   change your address?

13             DEFENDANT EDDIE AUSTIN:  No, Your Honor.

14             THE COURT:  Okay.  You're required to live at the

15   same address.  It's one of your bail conditions.

16        (Pause in the proceedings.)

17             THE COURT:  So the bail conditions include a

18   financial condition that is very liberal.  It doesn't

19   require a co-signer, it doesn't require a cash deposit, it

20   doesn't require a bail bond company.  It does require a

21   written promise on your part to pay $50,000 to the United

22   States in the event of your failure to make a court

23   appearance or your failure to surrender to serve any prison

24   term that may be imposed against you.

25             And just for clarity's sake, I'm entering a

1   separate bond for each of you.  This is not like a jointly

2   and severally liable, it is a separate $50,000 for each of

3   you.

4            DEFENDANT EDDIE AUSTIN:  Yes, Your Honor.

5            THE COURT:  Okay.  And separate responsibility,

6   separate bail.

7            So you'll be required to sign a written promise to

8   pay $50,000 in the event of your failure to make a court

9   appearance or your failure to surrender to serve any prison

10  term that may be imposed against you in this case.

11           Also, you must each be law-abiding people.  Do not

12  commit any offense in violation of a federal, state or a

13  local law while you're on bail in this case.  That would be

14  a violation of that law and it would be a violation of your

15  bail.

16           Do not change your address.  If you were to change

17  your address, then you must get permission in advance from

18  the Pretrial Services and provide copies of the address to

19  your lawyer, to the Government's lawyer, and to the Court

20  through your Pretrial Service Office.

21           Do you each promise to appear at all your court

22  proceedings in front of Judge Gilmore in this case?

23           DEFENDANT CAROLYN AUSTIN:  Yes, Your Honor.

24           THE COURT:  Yes?

25           DEFENDANT EDDIE AUSTIN:  Yes, Your Honor.

1           THE COURT:  Okay.  Also, you must report on a

2     regular basis to the Pretrial Service Agency and meet any

3     requirements that they direct.  That first report will be

4     today.

5           Even if you've already talked to them today, you

6     have to go back and talk to them again before you leave the

7     courthouse and they'll explain the bail conditions to you

8     again.

9           Do maintain employment.  Are you both employed?

10          DEFENDANT EDDIE AUSTIN:  Yes.

11          THE COURT:  Yes.  Okay.  So you must --

12          MR. FELDMAN:  Well, they're both retired, but

13    they're both involved in real estate.

14          THE COURT:  Pardon?

15          MR. FELDMAN:  They're both retired, but they're

16    both involved in real estate activities, so I guess they're

17    semi-retired.

18          THE COURT:  Okay.  If it's gainful employment,

19    provide proof of employment to the Pretrial Service Agency.

20          You both own passports.

21          MR. FELDMAN:  Yes.

22          THE COURT:  Where are they?

23          MR. FELDMAN:  In his possession.

24          THE COURT:  Oh, you brought them today?

25          MR. FELDMAN:  Trying to be efficient.

1          THE COURT:  That's very good.  They can be

2    surrendered to the Pretrial Service Officer.  The Officer

3    will give you a receipt for your passport.  Do not obtain

4    another passport while you're on trial in this case.

5          Do not leave, do not travel outside the United

6    States.  Your travel is restricted to the continental United

7    States.  That means no Hawaii and no Alaska, no Mexico, no

8    Canada, no travel outside the US, whether that travel would

9    require a passport or not.  So no getting on a sailboat and

10   taking a vacation in Cuba even.  Just stay within the

11   original 48 states and that is a bail restriction.

12          Do not have any contact with any person who may be

13   a victim or a witness in this case.  That includes all the

14   people whose names or initials appear in the Indictment,

15   anyone who also might be a victim, anyone who is accused,

16   and it applies to having conversations with each other.

17   You're not to talk about the case with each other.  I make

18   an exception for all Defendants to prepare for trial with

19   each other in the presence of their lawyers only.

20          MR. FELDMAN:  Your Honor, one thing about, some of

21   the witnesses are their children.

22          THE COURT:  Okay.

23          MR. FELDMAN:  Some of the initials in the

24   Indictment are their children.

25          THE COURT:  Well you can talk to your children,

1   just not about the case.

2          DEFENDANT EDDIE AUSTIN:  Understood, Your Honor.

3          THE COURT:  Okay.  Do you have any guns?  Do

4   you-all have any guns in your home?

5          DEFENDANT EDDIE AUSTIN:  No, we do not, Your

6   Honor.

7          THE COURT:  Have you ever owned guns?

8          DEFENDANT EDDIE AUSTIN:  Yes, Your Honor.

9          THE COURT:  Okay.

10          DEFENDANT EDDIE AUSTIN:  We had them moved to her

11   son's house, so we have no possessions of any guns.

12          THE COURT:  Okay.  How many guns are there?

13          DEFENDANT EDDIE AUSTIN:  Four.

14          THE COURT:  What kind of guns are they?

15          DEFENDANT EDDIE AUSTIN:  Two .22 rifles, one .22

16   handgun and one .9 mm handgun.

17          THE COURT:  Okay.  And the son's house might or

18   might not be a good place to keep them because you cannot be

19   in a house where --

20          DEFENDANT EDDIE AUSTIN:  All right.

21          THE COURT:  -- guns are stored or have them in

22   your own home.  You may not have them in any automobile

23   you're riding in or driving.  You may not have them on your

24   person or a place where you work, whether you own them or

25   not.

1          And in the event you're convicted of a felony, you
2   will not be eligible to possess firearms that have crossed
3   state lines.

4          Do not use alcohol to excess.  Do not use or
5   possess a narcotic drug or other controlled substance,
6   unless it's prescribed to you by a licensed medical
7   practitioner.

8          Let's see.  I don't see ankle monitoring, drug
9   testing, nothing like that?

10         MR. MARTIN:  No, Your Honor.

11         THE COURT:  If you are arrested or you are
12   questioned by law enforcement officials or you even get a
13   traffic ticket, any contact with law enforcement requires
14   you to contact your Pretrial Service Officer and notify them
15   that you've had contact.

16         These are special conditions for Mr. Austin, but
17   not for Ms. Austin.

18         No special conditions of employment?

19         MR. MARTIN:  Yes.

20         THE COURT:  For both of them?

21         MR. MARTIN:  For both of them, yes.

22         THE COURT:  Refrain -- Beverly, I'll give you this
23   so you can copy it.

24         Refrain from employment and conducted related to
25   the instant offense including promoting, advertising,

1    consulting, and trading of securities.

2         That's No. 8, Beverly.  I'll hand it to you.

3         THE CLERK:  All right.

4         THE COURT:  Okay.  For both Defendants.

5         THE CLERK:  Yes.

6         THE COURT:  That's special condition.

7         Yes.

8         USPS GARZA:  Sergio Garza, US Pretrial, Your

9    Honor.  For Mrs. Austin, the Officer recommended mental

10   health treatment.

11        THE COURT:  I'll make that a special condition.

12        USPS GARZA:  Thank you, Your Honor.

13      (Pause in the proceedings.)

14        MR. FELDMAN:  Your Honor, regarding the refraining

15   from the trading and securities, I assume that would not

16   cover, like, a managed account at an investment -- you know,

17   a recognized investment firm.

18        THE COURT:  Is that their personal account?

19        MR. FELDMAN:  Yeah.

20        MR. MARTIN:  For trading --

21        THE COURT:  It's not for employment purposes,

22   right?

23        MR. FELDMAN:  Well it's -- I'm sorry.

24        MR. MARTIN:  For trading and securities, the

25   Government would recommend limiting that specific

1  requirement to just micro cap securities, which are penny

2  stocks.  Anything on the National Exchange they can

3  obviously trade in that.  It's specifically micro cap stocks

4  that we're concerned about.

5          THE COURT:  I want you to give Beverly your

6  language --

7          MR. MARTIN:  Okay.

8          THE COURT:  -- for the bail documents, all right?

9          MR. FELDMAN:  That's acceptable, Your Honor.

10         MR. MARTIN:  Yes.

11         MR. FELDMAN:  That's fine.

12         THE COURT:  Very well.

13         Okay.  So the bail conditions, do you understand

14 all those and do you promise to appear at all your court

15 proceedings in this case?  Yes?

16         DEFENDANT EDDIE AUSTIN:  Yes, Your Honor.

17         THE COURT:  Okay.  I'll be releasing you on bail,

18 but I want a Counsel Determination.

19         Do you have another lawyer in mind that you're

20 trying to hire, or do you anticipate you'll want a

21 court-appointed lawyer for one of you, or do you really

22 think you're going to both sign this waiver and have the

23 same lawyer?  Why don't you have a private talk about that

24 and if --

25         MR. FELDMAN:  Right.

1          THE COURT:  -- you know, I'm just going to set a

2    Counsel Determination for Monday at 10:00.  Is that a

3    convenient time?

4          MR. FELDMAN:  Yes.

5          DEFENDANT EDDIE AUSTIN:  That's --

6          THE COURT:  I can set it another day.  I can set

7    it another day.

8          DEFENDANT EDDIE AUSTIN:  Okay.

9          MR. FELDMAN:  All right.  Here's the -- we're well

10   aware of that issue and we started to talk about it, and

11   it's not simple.  We're going to have to work all the way

12   through it, and because I'm going back to Washington

13   tonight, I would rather not come back on Monday --

14          THE COURT:  Right.

15          MR. FELDMAN:  -- for the determination.  So I was

16   going to say:  Can we do it by the end of the week, but

17   frankly that means I'm coming back -- I was looking at --

18          THE COURT:  Tomorrow is the end of the week.

19          MR. FELDMAN:  What?

20          THE COURT:  Tomorrow is the end of the week,

21   right.

22          MR. FELDMAN:  No, the end of next week.

23          THE COURT:  The following week.

24          MR. FELDMAN:  Yeah, but you know, even that's -- I

25   look at my calendar and I --

1          THE COURT:  That might -- don't wait too long.  We

2     can't put it off very long because the schedule is not

3     expansive.

4          MR. FELDMAN:  Can we do it -- well --

5          THE COURT:  I have to get it --

6          MR. FELDMAN:  -- I'm sure the trial date is going

7     to -- probably not -- I doubt the trial date will hold,

8     but --

9          THE COURT:  That's possible.  I need to get the

10    lawyer thing lined up --

11         MR. FELDMAN:  Okay.

12         THE COURT:  -- quick.

13         MR. FELDMAN:  Can we do it without me being

14    present?  Can I be by phone?  What kind of hearing are we

15    talking about that we need to do?

16         THE COURT:  I need a Counsel Determination.  That

17    is where we ascertain that both of the Defendants have a

18    lawyer.  If they're signing a waiver, yes, you have to be

19    here.

20         MR. FELDMAN:  Okay.

21         THE COURT:  If they're not and I'm just appointing

22    a lawyer for another one, or they're notifying me who the

23    other lawyer is, then no, you don't have to be here.

24         MR. FELDMAN:  Could we file a -- you know, some

25    kind of -- two separate entries of appearances for two?

1          THE COURT:  Then you don't have to be here, but

2    you do have to deal with your admission status for yourself.

3          MR. FELDMAN:  Well that I know.  Yeah, yeah.

4          THE COURT:  You should file a motion --

5          MR. FELDMAN:  I'll double-check that.

6          THE COURT:  -- *pro hac vice* or just take the --

7    take the class and get admitted.  There's a little class

8    every month.  It's one hour, two hours, something like that,

9    but --

10         MR. FELDMAN:  I can just --

11         MR. MARTIN:  I don't know about that.

12         THE COURT:  You could actually be admitted very

13   easily.

14         MR. FELDMAN:  Maybe Mr. Martin hasn't taken the

15   class yet.

16      (Laughter.)

17         MR. MARTIN:  I was admitted in 2005.

18         THE COURT:  We forgot.

19         Okay.  You have some decisions to make.

20         MR. FELDMAN:  So can we do it by -- do you want to

21   give us to the end of the week and I'll figure it out by

22   then?

23         THE COURT:  The end of next week.

24         MR. FELDMAN:  Yeah, the end of next week, yes.

25         THE COURT:  I'm going to make the Counsel

1  Determination hearing on Friday, the 12th, at 10:00 o'clock.

2          DEFENDANT CAROLYN AUSTIN:  I have a doctor's

3  appointment.

4          MR. FELDMAN:  You don't --

5          THE COURT:  What time is your appointment?  We can

6  change this.  We can make it at 2:00 o'clock.

7          DEFENDANT CAROLYN AUSTIN:  I'm not sure if it's in

8  the morning or the afternoon.

9          THE COURT:  Can we make it Thursday?

10          MR. FELDMAN:  How about -- how is Thursday?

11  Because if I have to be here, Friday is a bad day to be

12  here.

13          THE COURT:  Thursday, the 11th, at 10:00 o'clock.

14          MR. FELDMAN:  Perfect for me.

15          THE COURT:  It won't be me.  It will be --

16          THE CLERK:  Judge Smith.

17          THE COURT:  -- Judge Smith, but that's on this

18  floor.

19          MR. FELDMAN:  Okay.

20          THE COURT:  And it'll still be the same

21  considerations, just a different courtroom over there.

22          Okay.  All right.  I think that concludes our

23  hearing.

24          MR. FELDMAN:  Thank you, Your Honor.

25          DEFENDANT EDDIE AUSTIN:  Thank you, Your Honor.

1        THE COURT:  Thank you for appearing.

2        MR. MARTIN:  Thank you.

3     (Proceedings adjourned at 3:00 p.m.)

4                     * * * * *

5        *I certify that the foregoing is a correct*

6  *transcript to the best of my ability produced from the*

7  *electronic sound recording of the proceedings in the above-*

8  *entitled matter.*

9  */S/ MARY D. HENRY*

10 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

11 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**D-337*

12 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

13 *JTT TRANSCRIPT #57007*

14 *DATE:  JUNE 15, 2017*

15

16

17

18

19

20

21

22

23

24

25