UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>EDDIE DOUGLAS AUSTIN, JR.<br>CAROLYN PRICE AUSTIN<br>JOHN DAVID BROTHERTON<br>SCOTT RUSSELL SIECK<br>CHARLES EARL GROB, JR. | CRIMINAL NO. 4:16-CR-408 |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE
EVIDENCE PURSUANT TO RULE 404(b)**

The Third Superseding Indictment (the "Indictment") charges the defendants with a securities fraud scheme that is commonly referred to as a "pump and dump" scheme. The United States intends to introduce evidence at trial of related securities fraud litigation brought by the SEC against several of the defendants in this case. Because this evidence involves pump and dump schemes that are either charged in the Indictment, or that are related to schemes charged in the Indictment, the United States believes this evidence is inextricably intertwined with the transactions charged in the Indictment and is therefore admissible irrespective of Rule 404(b). Nevertheless, out of an abundance of precaution, the United States is filing the instant notice pursuant to Rule 404(b).

    **1.    Background**

As charged in the indictment, the defendants engaged in a series of pump and dump schemes from in or about May 2011 to at least May 2017. The defendants executed the scheme by obtaining a concentration of ownership of freely tradeable securities in certain microcap securities, also referred to as "penny stocks". The defendants concealed their concentration of ownership of

the securities from regulators and the investing public through the use of nominees[1] and straw investors. The defendants then caused the publication and dissemination of false and misleading information about the securities to the public through public filings, press releases, and advertisements, in order to fraudulently inflate the price of the securities. The defendants also fraudulently manipulated the price and demand for the securities by engaging in matched trades and wash sales.[2] The defendants then sold their shares of the securities to the investing public at the fraudulently inflated prices.

2. **Sunrise Solar Corporation**

The United States intends to present evidence that on September 28, 2012, the SEC filed a civil complaint against Sunrise Solar Corporation ("Sunrise Solar"), Eddie D. Austin, Jr., and Carolyn Austin for engaging in a pump and dump scheme involving the stock of Sunrise Solar from 2008 to 2009. *See S.E.C. v. Sunrise Solar Corporation, et al.*, 5:12-cv-918 (W.D. Tex. Sept. 28, 2012). Sunrise Solar is not one of the pump and dump schemes charged in the Indictment, but it follows a similar pattern of conduct as the schemes that are charged in the Indictment.

According to the complaint, in January 2008, Eddie Austin purchased a controlling interest in a company called "SMS," changed its name to Sunrise Solar, and appointed himself as Chairman, CEO, and Principle Accounting Officer. The complaint alleges that Austin failed to disclose his beneficial ownership of Sunrise Solar stock by failing to file a Form 3. The complaint also alleges that, from July 25, 2008 to May 26, 2009, Sunrise Solar issued at least 49 press

---

[1] A "nominee" is a person or company whose name is given as having title to a stock, but who is not the actual owner.

[2] A "wash sale" is an order to buy or sell securities resulting in no change of beneficial ownership (in other words, selling a stock to yourself). A "matched trade" is an order to buy or sell securities that is entered with knowledge that a matching order on the opposite side of the transaction has been or will be entered. Both matched trades and wash sales are fraudulent when they are done for the purpose of (1) creating a false or misleading appearance of active trading in any publicly traded security; or (2) creating a false or misleading appearance with respect to the market for any such security.

releases, written by Eddie Austin, including press releases that made false claims about existing or prospective contracts Sunrise Solar had purportedly negotiated. The complaint further alleges that from October 2008 to February 2009, while Sunrise Solar was issuing the false press releases, Carolyn Austin sold 300,000 shares of Sunrise Solar stock for proceeds of $174,471.

The United States also intends to present evidence that on January 22, 2013, Eddie Austin entered into an Agreed Final Judgment with the SEC. According to the Judgment, Eddie Austin did not admit or deny the allegations of the Complaint, but the Judgment permanently enjoined Eddie Austin from among other things: (i) employing any device, scheme, or artifice to defraud in connection with the purchase or sale of any security; (ii) failing to file documents and reports as required pursuant to Section 16(a) of the Exchange Act; (iii) acting as an officer or director of any publicly traded company, including penny stocks;[3] and (iv) participating in an offering of a penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. The Judgment also required Eddie Austin to pay a civil penalty of $40,000.

The United States also intends to present evidence that on January 22, 2013, Carolyn Austin entered into an Agreed Final Judgment with the SEC. According to the Judgment, Carolyn Austin did not admit or deny the allegations of the Complaint, but the Judgment permanently enjoined Carolyn Austin from, directly or indirectly, selling, offering to sell, or offering to buy, a security unless a registration statement is in effect as to a security. The Judgment also required Carolyn Austin to pay a disgorgement of $174,471, in addition to prejudgment interest in the amount of $22,982.

---

[3] The actual language of the Judgment states: "Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]."

The United States intends to offer the evidence described above as evidence of the defendants' intent, plan, knowledge, identity, absence of mistake, and lack of accident. This evidence is particularly relevant to these matters because the defendants continued to engage in additional pump and dump schemes after they agreed to Final Judgments that permanently enjoined them from continuing to engage in that activity.

### 3. Chimera Energy Corp.

The United States intends to present evidence that on August 14, 2014, the SEC filed a civil complaint against Andrew Ian Farmer, Charles Earl Grob, Jr., Carolyn Austin, and others for engaging in a pump and dump scheme involving the stock of Chimera Energy Corp. ("Chimera"). *See S.E.C. v. Andrew I. Farmer, et al.*, 4:14-cv-2345 (S.D. Tex. August 14, 2014) (Ellison, J.). Chimera is one of the pump and dump schemes specifically charged in the Indictment. Indeed, many of the transactions charged in the SEC Complaint are also charged as overt acts of the conspiracy in the Indictment.

The United States also intends to present evidence that on October 26, 2015, the Court issued an agreed Final Judgment against Carolyn Austin. According to the Judgment, without admitting or denying the allegations of the Complaint, Carolyn Austin was permanently enjoined from, among other things: directly or indirectly participating in the offer, issuance, purchase or sale of any penny stock. The Judgment also required Carolyn Austin to pay a disgorgement of $54,522, prejudgment interest of $4,811, and a civil penalty of $80,000.

The United States also intends to present evidence that on October 7, 2015, the Court granted the SEC's motion for summary judgment against Farmer, finding that Farmer's participation in the Chimera pump and dump scheme violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 (the "Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). Furthermore, on July 18, 2017, the Court issued a Final Judgment

4

against Farmer. The Judgment included provisions that permanently enjoined Farmer from, among other things: (i) employing any device, scheme, or artifice to defraud in connection with the offer or sale of any security; (ii) directly or indirectly participating in the offer or issuance of any penny stock; and (iii) acting as an officer or director of any publicly traded company, including penny stocks. The Judgment also ordered Farmer to pay disgorgement of $6,540,500, in addition to prejudgment interest of $685,219.85 and a civil penalty of $1,950,000.

The United States intends to offer the evidence described above as evidence of the defendants' intent, plan, knowledge, identity, absence of mistake, and lack of accident. This evidence is particularly relevant to these matters because the defendants continued to engage in additional pump and dump schemes after the SEC complaint was filed and summary judgment was granted. Furthermore, in the case of Carolyn Austin, she continued to engage in the scheme after she entered into her <u>second</u> agreed Final Judgment that permanently enjoined her from continuing to engage in that activity.

This notice may be updated as needed.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 567-9000

5

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

                 <u>/s/ Justin R. Martin</u>
                 Justin R. Martin
                 Assistant United States Attorney