UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>EDDIE DOUGLAS AUSTIN, JR.<br>CAROLYN PRICE AUSTIN<br>JOHN DAVID BROTHERTON<br>SCOTT RUSSELL SIECK<br>CHARLES EARL GROB, JR. | CRIMINAL NO. 4:16-CR-408 |
|---|---|

**UNITED STATES' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS 220-227 and 229-244**

## I. Defendants' Motions For Notice of Government's Intent to Use Evidence (Rule 12(b)(4)(B)) Should Be Denied

### A. Defendants' motions should be denied because their general motions lack the specificity to trigger the United States' obligations

Defendants' motions should be denied because a defendant cannot invoke Rule 12(b)(4)(B) "to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics." *United States v. El–Silimy*, 228 F.R.D. 52, 57 (D.Me. 2005); *see also United States v. Conyers*, 2016 WL 71389850, at *10 (S.D.N.Y. Dec. 9, 2016) ("It is not intended to expand the Government's discovery obligations under Rule 16.").

Rather, Rule 12(b)(4)(B) is merely a rule of procedure intended to facilitate efficient pre-trial motion practice. *Conyers*, 2016 WL 71389850, at *10 (citing *United States v. de la Cruz-Paulino*, 61 F.3d 986, 994 (1st Cir. 1995)). By its terms, the Rule focuses on evidence that may be subject to a suppression motion.

Here, defendants have not properly invoked Rule 12(b)(4)(B)—to do so, they first "must identify potentially suppressive evidence with specificity." *United States v. Ishak*, 277 F.R.D. 156,

159 (E.D. Va. 2011) (emphasis added); *see also Conyers*, 2016 WL 7139850, at *9-10 (citing *Ishak*'s holding that a defendant "must identify *specific* discoverable material which it believes may be subject to a future suppression motion" (emphasis in original)). "The task of identifying what evidence discoverable under Rule 16 might be the rightful object of a suppression motion belongs to that defendant." *Id.* Only when a defendant has done so does the burden then shift to the United States to identify whether it intends to use this evidence during its case-in-chief. *Id.* Thus, the Rule "streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *Id.* (citing *United States v. Smith*, 277 Fed. Appx. 187, 191 (3d Cir. 2008)). "These two limitations make clear that Rule 12(b)(4)(B) is not a discovery rule defining what material the government must produce; that is the function of Rule 16." *Id.* (citing *United States v. Osberger*, 2009 WL 529210, at *3 (D.Neb. Mar. 2, 2009) (stressing that the Rule is "not a discovery device" and that "the defendant is not entitled to have the government outline its case")). Here, defendants' motions simply lack the specificity to trigger the United States' 12(b)(4)(B) obligations and thus, should be denied.

**B. Alternatively, defendants' motions should be denied because the United States has already sufficiently identified these items**

That said, even if defendants' motions trigger the United States' obligations, the United States' burden is not high because the purpose of the rule is simply to allow defendants sufficient notice to determine whether it is worth their time to file a motion to suppress. *See Conyers*, 2016 WL 7139850, at *9-10 ("Rule 12(b)(4)(B) is a procedural device intended to facilitate efficient pre-trial motion practice").

For example, in *Conyers*, the court denied defendant's 12(b)(4)(B) motion—but nonetheless held that even if it had contained sufficient specificity, mere "notice from the Government that it intends to rely on some or all of the evidence gleaned from a search warrant

would adequately inform the defense that a motion is worth making—identification of specific evidence is unneeded." *Id*. at *10.

Similarly, *Ishak* held that "the government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendants to make informed decisions whether to file one or more motions to suppress. In this respect, the Rule "was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial." *Ishak*, 277 F.R.D. at 158-59.

Here, the United States has already provided the defendants with the notice required by Rule 12(b)(4). Indeed, the only evidence in this case that was obtained by search warrant are the emails provided by various electronic service providers (such as Google and Yahoo). Moreover, the United States informed the defendants it its discovery letters, which specifically cited Rule 12(b)(4), that it intended to use the emails in its case-in-chief, and it has provided the search warrant affidavits to the defendants in discovery. Accordingly, the United States has already complied with Rule 12(b)(4) and defendants' motions should be denied.

## II. Defendants' Motions For Rough Notes and Other Materials Should Be Denied

Defendants Eddie Austin and Scott Sieck filed motions related to rough notes and other materials should be denied as overbroad.

### A. ECF 235—Defendant Eddie Austin's Motion to Preserve and Produce Rough Notes and Other Materials

The Defendant's motion requests all "Field notes, rough notes, or rough drafts, memoranda, tape recordings, worksheets, or *other writing of any form* taken as part of the investigation of the instant matter." *See* Docket No. 235 at 1 (emphasis added).

This motion is written so broadly it would require the government to disclose every scrap of paper in its possession, no matter how immaterial to the preparation of the defense—in violation

of Rule 16, the attorney work product privilege, the attorney-client privilege, and the deliberative process privilege.

This request is in plain violation of Federal Rule of Criminal Procedure 16(a)(2), which states that, except for certain narrow exceptions, "[Rule 16] does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995) (discussing reports of government agents and noting "[a]s an internal government document produced by government agents in connection with the investigation of this case, the reports at issue clearly fall within the ambit of [Rule 16(a)(2)], and thus are exempted from discovery.").

To the extent that the motion requests documents that are subject to the attorney work product, attorney-client, and deliberative process privileges, the motion should also be denied. *See In re United States*, 397 F.3d 274, 285 (5th Cir. 2005) (holding internal government deliberations regarding capital charging practices were privileged and not discoverable).

**1. The Defendant's motion must be denied because it requests the *production* of rough notes which are not discoverable**

With regard to the motion's more specific requests for "rough notes," Rule 16(a)(1)(A) does not entitle the defendant to discovery of rough notes. Indeed, in *United States v. Brown*, 303 F.3d 582, 591-92 (5th Cir. 2002) the Fifth Circuit held that Rule 16(a)(1)(A) did not require disclosure of the rough notes of the defendant's post-arrest interview, stating, "Rule 16(a)(1)(A) does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been accurately captured in a type-written report, such as a 302, that has been

disclosed to the defendant."[1] Here, the United States has been providing the defendants with 302 reports witness interviews throughout the discovery process.

Furthermore, rough notes of witness interviews are not discoverable under Jencks, because they are not the statement of the witness; rather, they are the statement of the interviewing Agent. *See United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) (holding FBI 302s reports of witness interviews were not witness statements under the Jencks Act).

Lastly, because the defendants have not articulated any reason to believe that the material they are requesting contains any exculpatory information, the defendants are not entitled to any of these materials under *Brady*. As the Fifth Circuit has held, "vague assertions do not establish any exculpatory evidence, let alone a reasonable probability that such evidence affected the outcome of the trial." *United States v. Moore*, 452 F.3d 382, 388 (5th Cir. 2006); *see also United States v. Garrett*, 238 F.3d 293, 302 (5th Cir. 2000) ("An interpretation of *Brady* to create a broad, constitutionally required right of discovery would entirely alter the character and balance of our present system of criminal justice.").

**2. The Defendant's motion must be denied because it requests preservation and production of attorney work product**

The defendant's motion must also be denied because it requests the preservation and production of attorney work product. The defendant's motion requests disclosure of all "field notes, rough notes, or rough drafts, memoranda, tape recordings, worksheets, or other writing of any form" in the possession of the attorney for the government. Docket 235 at 1. This request must be denied because it would violate Federal Rule of Criminal Procedure 16(a)(2) as discussed above. However, it must also be denied because it would require production of attorney work

[1] *Brown* also held that the defendant was not entitled to rough notes under Rule 16(a)(1)(C): "[W]e hold that the government fulfills the requirements of Rule 16(a)(1)(C) when it discloses to the defendant a 302 report that accurately reflects the contents of the interviewer's rough notes." *Brown*, 303 F.3d at 591.

product. *See, e.g.*, *Williamson v. Moore*, 221 F.3d 1177, 1182–83 (11th Cir. 2000) ("[O]pinion work product enjoys almost absolute immunity").

**3. The Defendant's motion must be denied to the extent that it extends to agencies that are not members of the "prosecution team."**

The only agencies that are part of the prosecution team in this case are the U.S. Attorney's Office and the FBI. However, the defendant's motion requests documents that are in the possession of the IRS, the SEC, and FINRA. This Court has already denied a similar request made by Andrew Farmer. On February 20, 2017, defendant Andrew Farmer filed a motion requesting production of rough notes taken by the Securities and Exchange Commission during its witness interviews. *See* Docket No. 55. The United States opposed this motion on the grounds that the SEC was not part of the prosecution team. *See* Docket. No. 56. The Court denied Farmer's motion on February 24, 2017. *See* Docket No. 65.

The situation is the same today as it was in Feburary 2017—while the SEC and FINRA have provided documents to the United States, these agencies have not "pooled their investigative energies" or "functioned as agents" of the prosecutorial team. *See United States v. Antone*, 603 F.2d 566, 569-70 (5th Cir. 1979).

**4. Even to the extent the motion requests *preservation* of documents the motion must be denied.**

It is the policy of the FBI to preserve rough notes of interviews, and that policy has been complied with, and will continue to be complied with, in this investigation. However, as described above, the defendant's motion goes well beyond interview notes to request the production and preservation of "rough notes and other materials." The motion then goes on to define "other materials" so broadly, that it would require the preservation of every scrap of paper regardless of how immaterial to the preparation of the defense, and in violation of Rule 16(a)(2). Accordingly, this motion should be denied.

**B. ECF 225—Defendant Scott Sieck's Motion Requesting the Government to Preserve Rough Notes and Other Materials**

Defendant Scott Sieck's motion requests the United States to "preserve all field notes, rough notes or rough drafts, memoranda, tape recordings, worksheets or other writing of any form taken as part of the investigation of the instant matter which led to this indictment, notwithstanding whether or not the contents of said materials are now or may be later incorporated into official records or reports." Therefore, the motion is written so broadly, it would require the preservation of every document regardless of how immaterial to the preparation of the defense. There is no legal authority for such a broad request, even for mere preservation. Consequently, the defendant's motion must be denied.

**III. Defendant's Motion For Early Disclosure of Witness List Should Be Denied**

Defendant Eddie Austin filed a motion at Docket No. 239 for a list of names and addresses of government witnesses 45 days before trial, which deadline has already elapsed. The Court should deny this motion because the defendant is not entitled to this information. As noted by the Fifth Circuit, the Supreme Court has held that there is no constitutional right to pretrial discovery of witnesses in non-capital cases. *United States v. Aguilar*, 503 F.3d 431, 434 (5th Cir. 2007); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Moreover, the United States has been providing the FBI 302 reports of witness interviews to the defendants throughout the discovery process, and the United States intends to file with the Court, immediately prior to trial, a list of witnesses who the government expects may testify in its case-in-chief at trial.

Furthermore, it is already less than 45 days before trial and the United States has not received reciprocal discovery from any of the defendants other than John Brotherton. Accordingly, the defendant's request for a list of all names and addresses of government witnesses 45 days

before trial would be premature and the defendants are not entitled to the information they seek. Consequently, the motion should be denied.

## IV. Defendants' Motions Purporting to Be *Brady* and *Giglio* Motions Should Be Denied

Several of the defendants filed motions styled as motions for *Brady* and *Giglio* evidence. Defendant Eddie Austin, Jr.'s motion was filed as Docket No. 232; defendant John Brotherton's motion was filed as Docket No. 241; and defendant Scott Sieck's motions were filed as Docket Nos. 221 and 222.

All of these motions must be denied because, although they purport to be *Brady*/*Giglio* motion, in reality they are additional fishing expedition motions for discovery of items to which they are not entitled, including grand jury testimony, attorney work product, and material prohibited from disclosure by Rule 16(a)(2).

The United States is well aware of its disclosure obligations under Rule 16, *Brady*, and *Giglio*. In fact, the United States has gone above and beyond its disclosure obligations and has been providing material to the defendants that is not required to be produced under Rule 16. For example, the United States has been providing the FBI 302 reports of witness interviews to the defendants even though they are not required to be disclosed under Rule 16 or Jencks. Indeed, the defendants have noted in several motions that the volume of discovery produced by the United States in this case has been large.

### A. All of the motions should be denied to the extent that they request grand jury materials in violation of Rule 6(e)

In general, grand jury material is protected from disclosure by Federal Rule of Criminal Procedure 6(e). One limited exception to grand jury secrecy is that the Jencks Act requires the United States to provide defendants with grand jury transcripts of any government witness who testifies on behalf of the government at trial, if it relates to the subject matter of the witness's trial testimony. 18 U.S.C. § 3500(b)&(e)(3); *see also United States v. Montgomery*, 210 F.3d 446, 451

(5th Cir. 2000) (holding government's failure to disclose grand jury transcripts of trial witness was error, but the error was harmless). However, the defendants' motions go beyond this and request grand jury material without regard to whether the grand jury material is covered by the Jencks Act. *See, e.g.*, Docket No. 232 at 2, ¶ 1 (requesting "[a]ll testimony taken and evidence presented before any Federal Grand Jury.").

In order to be entitled to grand jury material, a defendant must demonstrate a need for grand jury materials "with particularity." *See United States v. Acord*, 174 F.3d 198, 1999 WL 152947, at *1 (5th Cir. Feb. 22, 1999). If the defendant is able to meet this threshold test, then the Court must balance the defendant's particularized need for the material against the interest in grand jury secrecy. Even then, the secrecy of the grand jury will not be broken absent a "compelling necessity for the materials." *Id.*

The defendants have not met either of these two requirements. The motions do not demonstrate a need for the material "with particularity." As discussed previously, defendant Eddie Austin's motion requests all of the grand jury testimony and exhibits, which request cannot under any circumstance be described as "with particularity." Furthermore, the remainder of the motions simply outline broad categories of requests that amount to nothing more than fishing expeditions for grand jury material. These types of general and unsubstantiated requests do not satisfy the "particularized need" requirement. *See, e.g., United States v. Valencia-Trujillo*, 462 F. App'x 894, 898 (11th Cir. 2012). ("We have explained that to establish a particularized need for disclosure a party must show that certain difficulties peculiar to his case could be alleviated by access to specific grand jury materials and that the disclosure will not do disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process. General or unsubstantiated allegations do not satisfy the 'particularized need' requirement."); *United States ex rel Stone v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir.1999) ("No grand jury testimony is to be released

for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.").

Because the defendants' have failed to meet the threshold showing of a "particularized need," the Court does not have to conduct the balancing test of weighing the defendant's particularized need for the material against the interest in grand jury secrecy. However, it is worth noting that none of the defendants even attempted to demonstrate that their need for the grand jury material outweighed the interest in grand jury secrecy. Accordingly, the defendants' motions must be denied.

**B. Defendant Eddie Austin's request for "all reports, memos, notes, photographs, and recordings" must also be denied as overbroad**

Defendant Eddie Austin's motion makes a facially overbroad request for "Any and all reports, memos, notes, photographs, and recordings (both video and audio) prepared by or prepared for any governmental entity (including its agents, investigators, employees, and contractors) or quasi-governmental entity (including its agents, employees, investigators, and contractors) that are a part of or relate to the instant case." *See* Docket No. 232 at 3, ¶ 5. Moreover, the request applies to the U.S. Attorney's Office, the FBI, IRS, SEC, and FINRA.

This motion must be denied for several reasons. First, for the reasons discussed *supra* Part II.A.3, the IRS, SEC, and FINRA are not part of the prosecution team. Accordingly, the defendants are not entitled to documents in their possession.

Second, for the reasons discussed *supra* Part II.A, the motion must be denied because it requests material prohibited from disclosure by Rule 16(a)(2) and the attorney work product doctrine.

**C. The other requests made by the motions must also be denied**

These motions also request results, reports, and opinions obtained from any expert engaged by the United States. At this time, the United States has not engaged any experts to render any

reports or opinions about this case. If that changes, the United States will comply with its Rule 16 discovery obligations.

The motions request disclosure of statements made by the defendants, but all such statements have been provided.

The motions request disclosure of all promises, representations, and immunities that have been given to actual or prospective witnesses. The United States has disclosed all proffer letters that have been issued related to this case. Furthermore, the plea agreement of Thomas Massey is available on PACER. No other promises, representations, or immunities have been granted to any actual or prospective witness related to this case.

The motions request impeachment information for government witnesses. The United States has been providing this information throughout the discovery process and will continue to do so.

The motions request evidence relating to government informants; however, there are no government informants involved in this case, as that term is traditionally understood.

The motions request evidence related to electronic surveillance. All such evidence has already been produced.

## V. Defendants' Requests For Production of Jencks Statements Should Be Denied

Several of the defendants filed motions requesting early production of Jencks statements. Defendant Eddie Austin, Jr.'s motion was filed as Docket No. 230; and defendant Scott Sieck's motion was filed as Docket No. 223.

These motions should be denied for several reasons. First, on August 17, 2018, when the government's responses are due, it will be 38 days until trial on September 24, 2018. However, Defendant Eddie Austin requests disclosure 45 days before trial, and defendant Sieck requests disclosure 60 days before trial. Accordingly, the motions must be denied because the requests

being made cannot be met. Even if this were not the case, however, the defendants' requests for 45 day and 60 day deadlines are too far in advance of trial, in light of the fact that the Jencks Act does not require production of witness statements before trial. *See* 18 U.S.C. § 3500(b) (requiring production of witness statements only after the witness has testified on direct examination).

Moreover, with respect to witness statements or reports that are signed, adopted, or approved by the witness, and reports of oral statements, the United States has been producing this material throughout the discovery process.

## VI. Defendant's Motion For Discovery & Inspection Should Be Denied

Defendant Eddie Austin filed a motion at Docket No. 229 for Discovery & Inspection Under Rule 16. The motion is a boilerplate motion that requests discovery of all information to which the defendant is entitled under Rule 16. The United States is already in compliance with Rule 16 and has provided, and will continue to provide, all material in its possession required to be disclosed under Rule 16. Accordingly, this motion can be denied as moot.

## VII. Defendants' Remaining Motions Should Be Denied

### A. Defendant Eddie Austin's Motion in Limine (Docket No. 243)

Defendant's vague and overbroad motion in limine should be denied because it is devoid of any specificity. The defendant asks the United States to refrain from making reference to "extraneous crimes or misconduct" without identifying what crimes or misconduct the defendant is referring to. The defendant goes further to ask the United States to refrain from making reference to extraneous crimes or misconduct that may have been committed by any of the defendant's unnamed witnesses. Because it would be impossible to comply with such a vague and overbroad request, the defendant's motion should be denied. *See United States v. Hunter*, 2007 WL 2907857, at *5 (N.D. Tex. Oct. 4, 2007) (denying blanket motion in limine as overbroad); *see also A.Hak Ind. Servs. TechCorr USA, LLC v. A.Hak Ind. Servs B.V.*, 2014 WL 12591696, at *1 (N.D.W.V.

Dec. 18, 2014) ("District courts routinely deny a motion in limine that does not specify the evidence or argument to be excluded because such a motion is premature" and collecting cases denying motions that do not specify the evidence or argument to be excluded); *Whiteaker v. Fred's Stores of Tennessee, Inc.*, 2010 WL 11520693, *2 (N.D. Miss. Nov. 12, 2010) (denying "overly vague and broad" motions in limine because "the court is unable to rule upon them without fear of rendering a ruling which is itself overbroad").

Indeed, the defendant in *Hunter* made a similar motion that sought to prevent the government from "mentioning any extrinsic offenses or other acts of misconduct without first approaching the bench and obtaining a ruling from the Court." *Id.* The Court noted that the government was required to comply with its notice requirement under Rule 404(b), but "[a]s to all other acts of misconduct, the Motion is overbroad and therefore denied." *Id.* In making its ruling, the *Hunter* court noted that more specificity was required: "A motion in limine *identifying the precise acts of misconduct* by the Defendant sought to be excluded represents the appropriate venue to raise such concerns." *Id.* (emphasis added).

In this case, the United States has been and will continue to provide notice to the defendants of evidence it intends to introduce pursuant to Rule 404(b). Accordingly, the defendant's vague and overbroad motion should be denied.

**B. Defendant Eddie Austin's Motion for Notice of 404(b) Evidence (Docket No. 236)**

The motion should be denied because it goes beyond the requirements of Rule 404(b) to request disclosure of a "list of all evidence in [the United States'] possession or control underlying such conduct, including names of witnesses, dates, summaries of evidence and expected testimony, and any related documentary evidence." Notably, defendant cites no cases in support of this overbroad request.

Rule 404(b)(2)(A) entitles a defendant to "reasonable notice of the general nature" of evidence of crimes, wrongs, or other acts that the government intends to offer at trial, unless the court excuses such lack of notice for good cause pursuant to Rule 404(b)(2)(B). Accordingly, the defendant's request goes well beyond notice of the "general nature" of the crimes, wrongs, or other acts.

In another context, the Fifth Circuit has held that, "there is no authority for the proposition that the government's Brady obligations require it to point the defense to specific documents within a larger mass of material that it has already turned over." *United States v. Mmahat*, 106 F.3d 89, 94 (5th Cir. 1997), *overruled in part on other grounds*, *United States v. Estate of Parsons*, 367 F.3d 409 (5th Cir.2004) (en banc).

Therefore, if the constitutional rule of *Brady* does not require such a list, then certainly a rule of evidence that, by its plain terms, requires only "reasonable notice of the general nature" of the evidence does not require a list either. Because the defendant's request is not authorized by Rule 404(b), his motion should be denied.

### C. Defendant Carolyn Austin's Motion for Notice of Certain Evidence (Docket No. 227)

Carolyn Austin's Motion for Notice of Certain Evidence makes four requests: (1) notice of Rule 404(b) evidence, (2) notice of intent to use a criminal conviction under Rule 609, (3) notice of expert testimony under Rule 16(a)(1)(G), and notice of intent to use evidence under Rule 12(b)(4)(B).

#### 1. Rule 404(b)—should be denied

This request appears to be a boilerplate motion to comply with Rule 404(b). The United States has been complying and will continue comply with its obligations under Rule 404(b). In fact, the United States filed a notice of intent to use evidence pursuant to Rule 404(b) at docket

number 216. The United States will continue to provide notice to the defendants pursuant to Rule 404(b) as required. Accordingly, this motion should be denied as moot.

**2. Rule 609 Notice of Intent to Impeach—should be denied**

This request should be denied because it requests discovery of information to which the defendant is not entitled. The defendant requests written notice of intent to use a criminal conviction as impeachment pursuant to Rule 609 without qualification. However, Rule 609 only requires written notice of intent to use a criminal conviction for impeachment if more than 10 years have passed since the witness's conviction or release from confinement for it. *See* Fed. R. Evid. 609(b).

That said, the United States will comply with its obligations under Rule 16 and Fed. Rule Evid. 609. The United States has requested the criminal history of each defendant from the FBI, and will produce these records to the defendants when they are received.

For these reasons, the defendant's motion should be denied.

**3. Notice of Expert Testimony—should be denied**

The defendant requests notice under Rule 16(a)(1)(G) of any expert witness testimony. At this time, the United States has not engaged any experts to render any reports or opinions about this case. If that changes, the United States will comply with its Rule 16 discovery obligations. Accordingly, this motion should be denied as moot.

**4. Notice of Intent to Use Discoverable Evidence—should be denied**

Here, the defendant makes the same requests made by other defendants for the identification of evidence the government intends to use in its case in chief at trial, citing Rule 12(b)(4)(B). However, this motion should be denied for the reasons discussed *supra* Part I.

## VIII. Motions for Leave to File Other Motions

Several of the defendants filed motions requesting leave to file additional motions. Farmer's motion was filed at Docket No. 226; Eddie Austin's motion was filed at Docket No. 233; Brotherton's motion was filed at Docket No. 240; and Sieck's motion was filed at Docket No. 224.

The United States opposes these motions to the extent that they could be interpreted to be a request for an extension of the August 6 deadline for filing motions, which was set by the Court's November 29, 2017 Order.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

    /s/ Justin R. Martin
    Justin R. Martin
    Michael Chu
    Assistant United States Attorney
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 567-9000

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>EDDIE DOUGLAS AUSTIN, JR.<br>CAROLYN PRICE AUSTIN<br>JOHN DAVID BROTHERTON<br>SCOTT RUSSELL SIECK<br>CHARLES EARL GROB, JR. | CRIMINAL NO. 4:16-CR-408 |

ORDER

Pending before the Court is the Defendants' Motions at docket numbers 220 through 227, and 229 through 244. Having considered the Motions, the Response of the United States, the facts and the applicable law,

IT IS ORDERED that the Defendants' Motions 220 through 227, and 229 through 244 are DENIED.

Signed on _________________________, at Houston, Texas.

_________________________________
Vanessa D. Gilmore
United States District Judge