UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>EDDIE DOUGLAS AUSTIN, JR.<br>CAROLYN PRICE AUSTIN<br>JOHN DAVID BROTHERTON<br>SCOTT RUSSELL SIECK<br>CHARLES EARL GROB, JR. | CRIMINAL NO. 4:16-CR-408 |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE
EVIDENCE PURSUANT TO RULE 404(b)**

The United States hereby supplements its prior Rule 404(b) notice to notify the defendants of additional evidence it intends to introduce at trial.

**1.     Frauds committed prior to the time period charged in the Indictment**

The United States intends to introduce evidence at trial related to pump and dump frauds performed by Andrew Farmer, Eddie Austin, Carolyn Austin, John Brotherton, and Scott Sieck ("the Defendants") prior to the time period charged in the Third Superseding Indictment ("the Indictment"). The United States believes this evidence is inextricably intertwined with the transactions charged in the Indictment and is therefore admissible without reliance on Rule 404(b). Nevertheless, out of an abundance of precaution, the United States is filing the instant notice pursuant to Rule 404(b).

As charged in the Indictment, the Defendants engaged in a series of pump and dump securities frauds from in or about May 2011 to at least May 2017. However, the Defendants were engaged in similar pump and dump fraud well before May 2011. Beginning at least in or about 2008 and continuing to in or about June 2011, the Defendants worked with another group of individuals who were also engaged in pump and dump fraud. The securities involved in this 2008-

2011 time period include, but are not limited to: Sunrise Solar Corp. (ticker: SSLR), Go Solar USA, Inc. (ticker: GSLO) ("Go Solar"), Emerging Healthcare Solutions, Inc. (ticker: EHSI), Evolution Solar Corp. (ticker: EVSO), National Clean Fuels (ticker: NACF), Green Technology Solutions, Inc. (ticker: GTSO), Obscene Jeans, Inc. (ticker: OBJE), and On The Move Systems, Inc. (ticker: OMVS).

With respect to Sunrise Solar, as discussed in its prior Rule 404(b) Notice (Dkt # 216), the United States intends to present evidence at trial of the September 28, 2012, civil complaint filed by the SEC against defendants Eddie Austin and Carolyn Austin for engaging in a pump and dump-style securities fraud scheme involving the stock of Sunrise Solar. *See S.E.C. v. Sunrise Solar Corp.*, 5:12-cv-918 (W.D. Tex. Sept. 28, 2012). Furthermore, the United States also intends to present evidence at trial that defendants Andrew Farmer, Eddie Austin, and Carolyn Austin were involved in the preparation and distribution of press releases related to Sunrise Solar; the United States also intends to present evidence that defendants John Brotherton and Scott Sieck were involved in the Sunrise Solar scheme as well.

With respect to the other companies described above, the United States intends to present evidence at trial that the Defendants were involved in a fraudulent scheme involving these companies that was virtually identical to the scheme charged in the Indictment. Pursuant to this scheme, the Defendants and their associates engaged in a false and misleading promotional campaign to increase the value of the stock of these companies while they were simultaneously selling shares of these companies to the public at the fraudulently inflated prices. Indeed, from on or about April 21, 2011 to on or about October 18, 2011, Andrew Farmer sold shares of Green Technology Solutions, Obscene Jeans, On the Move Systems, and Evolution Solar, for proceeds of approximately $2,488,023.45. Also, from on or about May 12, 2011 to on or about October 5, 2011, Carolyn Austin sold shares of Green Technology Solutions and Obscene Jeans for proceeds

of approximately $229,214.35. Moreover, on June 7, 2011, the SEC issued an order suspending trading in Emerging Healthcare Solutions, Evolution Solar, and Go Solar, citing questions regarding the adequacy and accuracy of the companies' press releases.

The Defendants' work on these prior related pump and dump frauds is inextricably intertwined with the Indictment because it is how the Defendants developed the knowledge and skills necessary to execute the fraudulent scheme charged in the Indictment. Indeed, the defendants used many of the same techniques on these prior pump and dump frauds that they used in furtherance of the scheme charged in the Indictment. These techniques included obtaining a concentration of ownership of freely tradeable shares of a security, using shell corporations and offshore bank accounts to conceal the defendants and their associates' ownership of the stock, and disseminating false and misleading information about the securities to the public through public filings, press release, and advertisements in order to fraudulently inflate the price of the securities. In addition, it was the Defendants' decision to break away from this group to form their own group that the conspiracy charged in the Indictment began.

Furthermore, should the Court disagree and find that the evidence is not inextricably intertwined with the charges in the Indictment, this evidence is still admissible under Rule 404(b) as evidence of the Defendants' knowledge, intent, plan, motive, identity, absence of mistake, and lack of accident. Indeed, the Fifth Circuit has held that evidence of uncharged offenses is admissible under Rule 404(b) as evidence of a defendant's criminal intent "if it requires the same intent as the charged offense, because evidence of the uncharged offense then lessens the likelihood that the defendant committed the charged offense with innocent intent." *United States v. Smith*, 804 F.3d 724, 736 (5th Cir. 2015) (holding evidence of uncharged bribe was admissible against defendant charged with bribery) (internal quotations and citations omitted).

**2.     Trading suspensions for Onyx and Chimera**

The United States also intends to introduce evidence that, while the conspiracy was ongoing, the SEC suspended trading in two of the securities involved in the conspiracy, Onyx Service & Solutions, Inc. ("Onyx"), and Chimera Energy Corp. ("Chimera"), and that—despite these trading suspensions—the defendants continued to engage in the same fraudulent scheme with other securities. Because both Onyx and Chimera are charged in the Indictment as part of the defendants' fraudulent scheme, the United States believes the trading suspensions are inextricably intertwined with the transactions charged in the Indictment and is therefore admissible without reliance on Rule 404(b). Nevertheless, out of an abundance of precaution, the United States is filing the instant notice pursuant to Rule 404(b).

The SEC ordered a suspension of trading for Onyx securities on January 27, 2012. This trading suspension occurred while the defendants were engaged in a promotional campaign to fraudulently inflate the price of Onyx stock, so that the defendants could sell their shares to the public at fraudulently inflated prices.

As the basis for the Onyx trading suspension, the SEC stated:

> It appears to the Securities and Exchange Commission that there is a lack of current and accurate information concerning the securities of Onyx Service & Solutions, Inc. ("ONYX") because of questions regarding the accuracy of assertions by ONYX in press releases concerning, among other things, the company's business projects and prospects.
>
> The Commission is of the opinion that the public interest and the protection of investors require a suspension of trading in the securities of the above-listed company.

After the Onyx trading suspension, the defendants continued to engage in the same fraudulent scheme involving the securities of other companies. The SEC then ordered a suspension of trading for Chimera securities on October 25, 2012. Like Onyx, the Chimera trading suspension occurred while the defendants were engaged in a promotional campaign to fraudulently inflate the

price of Chimera stock, so that the Defendants could sell their shares to the public at fraudulently inflated prices.

As the basis for the Chimera trading suspension, the SEC stated:

> The Commission temporarily suspended trading in the securities of Chimera because of because of questions that have been raised about the accuracy and adequacy of publicly disseminated information concerning, among other things, the statements by Chimera in press releases to investors about the company's business prospects and agreements.

> The Commission cautions broker-dealers, shareholders, and prospective purchasers that they should carefully consider the foregoing information along with all other currently available information and any information subsequently issued by the company.

After the Chimera trading suspension, the defendants still continued to engage in the same fraudulent scheme involving the securities of other companies.

Because the securities of both Onyx and Chimera are charged in the Indictment, the fact that the trading of these securities was suspended by the SEC is inextricably intertwined with the transactions charged in the indictment. However, should the Court disagree and find that the evidence is not inextricably intertwined with the charges in the Indictment, this evidence is still admissible under Rule 404(b) as evidence of the Defendants' knowledge, intent, plan, motive, identity, absence of mistake, and lack of accident. This is due to the fact that each trading suspension put the defendants on notice that their conduct was improper, but they nevertheless continued to engage in the same criminal conduct. *See United States v. Cook*, 81 F.3d 170 (9th Cir. 1996) (holding evidence of a prior settlement of a civil lawsuit was admissible to show knowledge and intent); *United States v. Prater*, 462 F. App'x 859, 862–64 (11th Cir. 2011) (holding evidence that defendant disregarded warnings that his conduct was criminal and continued to engage in the same conduct was admissible).

5

**3.    Conclusion**

As discussed above, and in the United States' previous 404(b) notice (Dkt # 216), the United States will introduce evidence that on June 7, 2011, the SEC suspended trading in three companies that the defendants had been involved with: Emerging Healthcare Solutions, Evolution Solar, and Go Solar. The defendants disregarded the SEC's actions and continued to engage in the fraudulent scheme involving the shares of Onyx, which had its trading suspended by the SEC on January 27, 2012. The defendants again disregarded the SEC's actions and continued to engage in the fraudulent scheme involving the shares of Chimera and other companies.

Then, on September 28, 2012, the SEC filed a civil complaint against defendants Eddie Austin and Carolyn Austin for a pump and dump scheme involving Sunrise Solar Corporation ("Sunrise Solar"), which had taken place from 2008 to 2009. Defendants Andrew Farmer and John Brotherton were also involved in the Sunrise Solar fraud. Also, on October 25, 2012, the SEC suspended the trading of Chimera. The defendants disregarded the trading suspensions and the pending civil lawsuit, and continued to engage in the same fraudulent scheme involving additional securities.

Subsequently, on January 22, 2013, Defendants Eddie Austin and Carolyn Austin entered into Agreed Final Judgments with the SEC related to the Sunrise Solar litigation. Pursuant to Eddie Austin's settlement with the SEC on the Sunrise Solar matter, he was permanently enjoined from "engaging in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock." In addition, on August 14, 2014, the SEC filed a civil complaint against Andrew Farmer, Charles Grob, Carolyn Austin, and others for the pump and dump scheme involving Chimera. On October 7, 2015, the court granted the SEC's motion for summary judgment against Farmer, finding that Farmer's participation in the Chimera pump and dump scheme had violated Sections 5(a), 5(c), and 17(a) of the Securities Act

of 1933, and Section 10(b) of the Securities Exchange Act of 1934. Moreover, on October 26, 2015, Carolyn Austin entered into her second Agreed Final Judgment with the SEC. Pursuant to Carolyn Austin's settlement with the SEC on the Chimera matter, Carolyn Austin, as well as "her agents, servants, employees, attorneys, and all persons in active concert or participation with her, are permanently restrained and enjoined from directly or indirectly, participating in the offer, issuance, purchase or sale of any penny stock."

Accordingly, by October 26, 2015, the defendants had been involved in promoting and selling the securities of five different companies whose trading had been suspended by the SEC for questions regarding the accuracy of press releases; the defendants had been involved in promoting and selling the securities of two companies that were sued by the SEC for securities fraud; Defendants Farmer, Eddie Austin, Carolyn Austin, and Grob had themselves been sued by the SEC for securities fraud (Carolyn Austin had been sued twice); Eddie Austin had been permanently enjoined from "trading, or inducing or attempting to induce the purchase or sale of any penny stock;" Carolyn Austin, as well as "all persons in active concert or participation with her" had been permanently enjoined from being "directly or indirectly" involved in the "purchase or sale of any penny stock;" and the SEC had won summary judgment against Andrew Farmer for securities fraud violations involving Chimera.

Despite all of these actions by the SEC, the defendants—well aware of the fact that their conduct was fraudulent—continued to engage in additional pump and dump schemes of other companies. Indeed, beginning on or about December 8, 2014 and continuing to on or about May 10, 2017, the defendants caused press releases and advertisements to be issued promoting the stock of Valmie Resources at the same time the defendants were selling their shares of Valmie Resources to the public. Moreover, it is also important to note that the grand jury returned the original indictment in this case against Andrew Farmer and Thomas Massey on September 15, 2016, which

charged Farmer and Massey with conspiracy and wire fraud violations arising out of the pump and dump scheme involving Chimera. However, even the indictment was not able to deter the defendants from continuing to execute their fraudulent scheme.

    This notice may be updated as needed.

                                        Respectfully submitted,

                                        RYAN K. PATRICK
                                        United States Attorney

                                        /s/ Justin R. Martin
                                        Justin R. Martin
                                        Michael Chu
                                        Assistant United States Attorney
                                        1000 Louisiana Street, Suite 2300
                                        Houston, Texas 77002
                                        (713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin  
Justin R. Martin  
Assistant United States Attorney