UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| EDDIE DOUGLAS AUSTIN, JR. | |

## SENTENCE DATA SHEET

**CITIZENSHIP**    United States

**GUILTY PLEA**    Count One of the Information—conspiracy to commit wire fraud, 18 U.S.C. § 371

**SUBSTANCE OF PLEA AGREEMENT**    Defendant pleads guilty to Count One of the Information.

Defendant agrees to fully cooperate with the United States, the SEC, and any other law enforcement agency designated by the United States.

Defendant waives his right to appeal or to collaterally attack his conviction or sentence.

If defendant clearly demonstrates acceptance of responsibility, the United States agrees to not oppose a 3 level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1.

The United States will dismiss the remaining counts of the Indictment at the time of sentencing.

Defendant agrees to pay full restitution.

Defendant agrees to forfeiture in the amount of $3.4 Million, and the imposition of a personal money judgment in that amount.

**ELEMENTS**    **CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 371)**

1. The defendant and at least one other person made an agreement to commit the crime of wire fraud;

2. The defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

3. That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

**WIRE FRAUD (18 U.S.C. § 1343)**

1. That the defendant knowingly devised or intended to devise any scheme to defraud;

2. That the scheme to defraud employed false material representations, pretenses, or promises;

3. That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing for the purpose of executing such scheme; and

4. That the defendant acted with a specific intent to defraud

| | |
|---|---|
| **PENALTY** | Up to 5 years imprisonment; up to $250,000 fine; and up to 3 years of supervised release. |
| **ALTERNATIVE FINE BASED ON GAIN OR LOSS** | Not more than the greater of twice the gross gain or twice the gross loss; |
| **SUPERVISED RELEASE** | Maximum three years supervised release (18 U.S.C. §§ 3559 and 3583); if the defendant violates the conditions of release, then the defendant may be imprisoned for up to two years without credit for time already served on the term of supervised release, 18 U.S.C. 3583(e)(3) |
| **SPECIAL ASSESSMENT** | $100 |

Respectfully submitted,

Ryan K. Patrick
United States Attorney

/s/ Justin R. Martin_____
Justin R. Martin
Michael Chu
Assistant United States Attorney