UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| EDDIE DOUGLAS AUSTIN, JR. | |

**UNOPPOSED MOTION FOR ORDER IMPOSING MONEY JUDGMENT**

Defendant Eddie Douglas Austin, Jr. pleaded guilty to Count One of the Information, admitting to engaging in conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.

**Background**

The United States provided notice to the Defendant in the Information against him that pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the United States would seek to forfeit all property, real or personal, that constitutes or is derived from proceeds traceable to the offense. The United States also provided notice that it would seek a money judgment.

The Defendant agreed in paragraph 29 of his Plea Agreement (Docket No. 349) that the Defendant obtained at least $3,400,000.00 from the criminal violations set forth in Count One, and that the factual basis of his guilty plea supports the forfeiture of $3,400,000.00. The Defendant also agreed to the imposition of a personal money judgment in that amount.

**Argument and Authorities**

Forfeiture is a mandatory element of sentencing imposed following conviction. *See United States v. Gasanova*, 332 F.3d 297, 300-01 (5th Cir. 2003); 28 U.S.C. § 2461(c) (providing that if a defendant is convicted of an offense giving rise to forfeiture, "the court shall order the forfeiture of the property"). The Fifth Circuit Court of Appeals has endorsed the imposition of personal money judgments. *United States v. Olguin*, 643 F.3d 384, 397 (5th Cir. 2011) ("We join our sister circuits and hold that money judgments are appropriate in the criminal forfeiture context," quoting

*United States v. Day*, 524 F.3d 1361, 1378 (D.C. Cir. 2008)). The defendant is held responsible in forfeiture for the amount of proceeds he obtained or acquired as a result of the crime. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." The Court's forfeiture determination "may be based on evidence already in the record," and the amount of the money judgment should be determined as soon as practical after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1). Moreover, Rule 32.2(b)(2)(B) provides that the forfeiture order should be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final" as to the Defendants at sentencing.

It is appropriate to enter a money judgment in forfeiture at this time, in advance of sentencing. The United States submits that a personal money judgment of $3,400,000.00 is supported by the Plea Agreement and the record as a whole.

## Relief Requested

The United States moves that the Court impose a personal money judgment against the Defendant in the amount of $3,400,000.00. A proposed order is attached for the Court's consideration.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

/s/ Justin R. Martin
Justin R. Martin
Michael Chu
Assistant United States Attorneys

## CERTIFICATE OF CONFERENCE

I certify that the attorney for the defendant was contacted about this motion and stated that the defendant is unopposed.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin
Justin R. Martin
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 4:16-CR-408 |
| EDDIE DOUGLAS AUSTIN, JR. | |

ORDER IMPOSING MONEY JUDGMENT

Defendant Eddie Douglas Austin, Jr. pleaded guilty to Count One of the Information, admitting to engaging in a conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.

The United States provided notice to the Defendant in the Information against him that pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the United States would seek to forfeit all property, real or personal, that constitutes or is derived from proceeds traceable to the offense; and that the United States would seek a money judgment.

The Defendant agreed in the Plea Agreement that he obtained at least $3,400,000.00 from the criminal offense and that the factual basis of the guilty plea supports the forfeiture of $3,400,000.00. The Defendant agreed to the imposition of a personal money judgment in that amount, and the Defendant consented, in accordance with Federal Rule of Criminal Procedure 32.2(b)(4)(A), to the order of forfeiture becoming final as to the Defendant immediately following the guilty plea.

Having considered the plea agreement, the record and the applicable law, the Court ORDERS:

1. That Defendant Eddie Douglas Austin, Jr. shall forfeit $3,400,000.00 to the United States, and that a personal money judgment is hereby awarded in favor of the United States and against the Defendant in the same amount.

2.      That pursuant to Federal Rule of Criminal Procedure 32.2(e), the United States may move to amend this Order at any time to forfeit the Defendant's property in substitution in accordance with 21 U.S.C. § 853(p).

This Order will be made part of the Defendant's sentence and included in the judgment.

Signed on _____, at Houston, Texas.

_____
Vanessa D. Gilmore
United States District Judge